IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ARTHUR LAWRENCE HEBERT, JR.** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION** |
| | * | **NO.** |
| **McDERMOTT INTERNATIONAL, INC.;** | * | |
| **J. RAY McDERMOTT, S.A.;** | * | **MAGISTRATE:** |
| **J. RAY McDERMOTT, INC.; and** | * | |
| **McDERMOTT, INC.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Arthur Lawrence Hebert, Jr.**, a person of the full age of majority domiciled in the State of Louisiana, who respectfully avers as follows:

■ **PARTIES** ■

1.1   Plaintiff, **Arthur Lawrence Hebert, Jr.** ("MR. HEBERT") is a citizen and resident of the State of Louisiana;

1.2   Defendant, **McDermott International, Inc.** ("MCDERMOTT"), a foreign corporation, with its headquarters and principal place of business in the State of Texas that regularly does business in a systematic and continuous manner in the State of Texas. It may be served by service upon its registered agent B.H. McDermott, 11424 Denton Drive, P.O. Box 20341, Dallas, Texas 75229;

1.3   Defendant, **J. Ray McDermott, S.A.** ("J.RAY"), a foreign corporation operated for the purpose of accumulating monetary profit, but which does business in a systematic and continuous manner in the State of Texas. J RAY may be served with service of process through service on it

via certified mail, return receipt requested to David Dickson, President, J. Ray McDermott, S.A., 757 N. Eldridge Parkway, Houston, Texas 77079;

1.4     Defendant, **J. Ray McDermott, Inc**., (also "J.RAY"), a foreign corporation, with its headquarters and principal place of business in the State of Texas, and that regularly does business in a systematic and continuous manner in the State of Texas.  It may be served by service upon its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136; and

1.5     Defendant, **McDermott, Inc.**, (also "MCDERMOTT") is a foreign corporation, with its headquarters and principal place of business in the State of Texas, and that regularly does business in a systematic and continuous manner in the State of Texas.  It may be served by service upon its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## ■ JURISDICTION AND VENUE ■

2.1     Plaintiff's claims exceed $75,000 and are brought pursuant to the Jones Act, 46 USC § 30104, and the Savings to Suitor's Clause of the United States Constitution under the General Maritime Law as may be supplemented by applicable State Law.

2.2     Venue is based upon a Forum and Venue Selection Clause contained in an executed employment contract between Plaintiff and Defendants that designates the United States District Court for the Southern District of Texas.  The Houston Division is proper as it shares jurisdiction with the alternate State Court venue designated in said Forum and Venue Selection Clause – Harris County Texas.

■ **FACTUAL BACKGROUND** ■

3.1     This case is brought under the "Jones Act" (46 U.S.C. § 688) and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mr. Hebert due to the negligence of due to the negligence of Mr. Hebert's Jones Act employer(s), MCDERMOTT and/or J.RAY, and the negligence and unseaworthiness of MCDERMOTT and/or J.RAY's vessel the DB-27, a Heavy Lift, S Lay Derrick Barge, and its crew, directly contributing to serious injuries to Mr. Hebert on or about August 20, 2018 working offshore ("the Incident in Question").  On or about August 20, 2018, Mr. Hebert, a Jones Act seaman, was employed as a Crane Operator aboard the DB-27, an offshore Heavy Lift, S Lay Derrick Barge owned and operated by the Defendants. MCDERMOTT and/or J.RAY failed their duty to Plaintiff by not providing a vessel and its appurtenances suitable for its intended use, including failing to properly maintain the interior starboard stairwell. As a result, Mr. Hebert suffered injury, including but not necessarily limited to, to his back, shoulder and arm necessitating surgery and rendering him unable to resume work when he fell while descending an interior starboard stairwell on the DB-27.

3.2     Mr. Hebert was employed by MCDERMOTT and/or J.RAY and was regularly assigned to work in its fleet of vessels. On information and belief, MCDERMOTT and/or J.RAY was the owner and operator of the DB-27and was responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Hebert's injuries.  The dangerous and defective condition of the vessel violated applicable laws and regulations of the

United States of America for vessels, and accordingly MCDERMOTT and/or J.RAY's liable for negligence, negligence per se, and in strict liability.

3.3     At the time of his injuries, Mr. Hebert was a Jones Act seaman more or less permanently assigned to the vessel and/or fleet of vessels of his employer, MCDERMOTT and/or J.RAY, and his work contributed to the ultimate mission of the vessels in MCDERMOTT and/or J.RAY's fleet. Mr. Hebert would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Hebert was injured was proximately caused by the negligence, as that term is understood in law, on the part of MCDERMOTT and/or J.RAY.

### ■ FIRST CAUSE OF ACTION—NEGLIGENCE ■

4.1     Paragraphs 1.1 through 3.3 are incorporated by reference as though fully set forth herein.

4.2     MCDERMOTT and/or J.RAY, by and through its employees and officers, was negligent in creating the dangerous conditions that proximately resulted in Mr. Hebert's injuries and in failing to properly maintain the interior starboard stairwell upon which Mr. Hebert fell, and in other respects. Under the circumstances presented by MCDERMOTT and/or J.RAY in violation of law, MCDERMOTT and/or J.RAY are also liable for negligence per se.

### ■ SECOND CAUSE OF ACTION—UNSEAWORTHINESS ■

5.1     Paragraphs 1.1 through 4.2 are incorporated by reference as though fully set forth herein.

5.2   The DB-27 was a vessel for which MCDERMOTT and/or J.RAY owed Mr. Hebert a duty of seaworthiness as a seaman.  MCDERMOTT and/or J.RAY breached that duty because the DB-27, a Heavy Lift, S Lay Derrick Barge was not reasonably fit for its intended purposes, it was dangerous, not reasonably safe, and unseaworthy.  This unseaworthiness included MCDERMOTT and/or J.RAY's failure to properly maintain the interior starboard stairwell upon which Mr. Hebert fell, and in other respects.

5.3   The unseaworthiness of the DB-27 was a factual and legal cause of Mr. Hebert's damages.

## ■ DAMAGES ■

6.1   By reason of the incident in question, Mr. Hebert sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future. At the time of the incident in question, Mr. Hebert was a healthy, able-bodied workingman, but now has sustained physical impairment and disfigurement of which he will continue to suffer from as a result of the incident. Mr. Hebert still experiences pain in his back.

6.2   These very painful and disabling injuries have caused Mr. Hebert to sustain a significant loss of earnings and wage earning capacity in the past and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, Mr. Hebert has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which of reasonable probability will

be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

6.3	Mr. Hebert would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Hebert here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas and the United States of America.

## ■ PRAYER ■

WHEREFORE, PREMISES CONSIDERED, Mr. Hebert prays:

(a)	That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid.

(b)	The damages provided by law for the injuries sustained by ARTHUR LAWRENCE HEBERT, JR.

(c)	Such other and further relief that this Court may deem appropriate.

Respectfully submitted,

**Doyle LLP**
*/s/Patrick M. Dennis*

_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:   713.571.1148
service@doylelawfirm.com

AND

Charles C. Bourque (LSBA 20118)
Christopher J. St. Martin (LSBA 26122)
Joseph G. Jevic, III (LSBA 23145)
*Pro Hac Vice Pending*
**ST. MARTIN & BOURQUE**
315 Barrow St.
Houma, Louisiana 70360
Phone:  (985) 876-3891
Fax:     (985) 851-2219

**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

Mr. Hebert hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.

/s/ Patrick M. Dennis
PATRICK M. DENNIS